IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTONIO WATSON,

    Plaintiff,

v.   CASE NO. 4:16-cv-500-WS-GRJ

BAYA HARRISON,

    Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. ECF Nos. 1 and 2. The Court finds that leave to proceed as a pauper should be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C. § 1915(b)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1]

Plaintiff is an inmate at the Leon County Jail. The complaint stems from Plaintiff's 2015 Leon County conviction for burglary and theft of law

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee. 28 U.S.C. § 1915(a)(b)(1). As explained *infra*, Plaintiff's claims sound at least in part in habeas corpus, and in the interest of judicial economy, the Court will not assess the fee at this time.

enforcement property.  The Defendant was appointed to represent Plaintiff in the case.  Plaintiff was convicted following a bench trial.  Plaintiff alleges that Defendant advised him not to have a jury trial because a jury would believe police testimony over Plaintiff's.  Plaintiff alleges that he learned after the trial that the jury would be limited to the evidence presented at trial and not considerations of bias.  Plaintiff received a 25-year sentence for his conviction for burglary while armed and a five-year concurrent sentence for the theft conviction.  Plaintiff alleges that Defendant violated his sixth amendment rights.  For relief, he seeks unspecified damages. ECF No. 1.

Plaintiff's claim for monetary damages against the public defender who represented him is not cognizable.  In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law.  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir.2001).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir.2003) (citation and quotation marks omitted). "[A] public defender does

not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

To the extent that the Complaint may liberally be construed as alleging that counsel rendered ineffective assistance in violation of the sixth amendment, Plaintiff's remedy would be in habeas corpus.  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A petition seeking habeas corpus relief would be filed in this Court, after Plaintiff exhausts his available state remedies.  28 U.S.C. § 2254(b). Plaintiff should be aware that petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for

post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). In contrast, a *federal* habeas corpus petition does not serve to toll the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review <u>does</u> <u>not</u> toll the one-year limitation period under § 2244(d)(2)).

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**. It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 5th day of October 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**